IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MARK CALLAHAN** )<br>   9892 MacDonald Road )<br>   Dublin, OH 43017 )<br>                                     )<br>       Plaintiff, )<br>                                       )<br>     vs. )<br>                                       )<br>**FANATICS, INC.** )<br>   8100 Nations Way )<br>   Jacksonville, FL 32256 )<br>                                     )<br>      and )<br>                                     )<br>**FANATICS RETAIL GROUP**<br>**FULFILLMENT, LLC** )<br>   c/o its Statutory Agent, )<br>   Corporation Service Company )<br>   1201 Hays Street )<br>   Tallahassee, FL 32301-2525 )<br>                                     )<br>      Defendants. ) | **CASE NO.:**<br><br>**JUDGE:**<br><br><br><br><br><br>**COMPLAINT**<br><br><br><br><br>**Plaintiff demands a trial by jury on all issues triable of right by a jury** | |

Plaintiff Mark Callahan (hereinafter "Plaintiff" or "Callahan") brings this action for damages against Defendants Fanatics, Inc. and Fanatics Retail Group Fulfillment, LLC ("Fanatics" or "Defendants") for violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA") and Ohio Revised Code § 4112.

## INTRODUCTION

1. Plaintiff Mark Callahan is a United States citizen and an Ohio resident.

2. Defendant Fanatics, Inc. is a foreign corporation that does business in Ohio.

3. Defendant Fanatics Retail Group Fulfillment, LLC ("Fanatics Retail") is a foreign LLC that does business in Ohio.

4. Collectively, Fanatics, Inc. and Fanatics Retail are "Defendants."

5. Plaintiff is an "employee" within the meaning of the ADEA and Chapter 4112 of the Ohio Revised Code.

6. Defendants are each an "employer" as defined by the ADEA and an "employer" and a "person" as defined by Chapter 4112 of the Ohio Revised Code.

7. A substantial part of the events or omissions giving rise to Plaintiff's claims took place in Dublin, Ohio and surrounding Ohio counties.

8. Jurisdiction over Plaintiff's claims is conferred upon this Court pursuant to 28 U.S.C. § 1331.  Supplemental jurisdiction is conferred upon this Court with respect to any claims brought under Ohio law pursuant to 28 U.S.C. § 1367.  Venue in the United States District Court for the Southern District of Ohio is appropriate under 28 U.S.C. § 1391(b).  Jurisdiction and venue are proper.

9. Within 180 days of the conduct alleged below, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC Charge", Charge No. 532-2022-00660).

10. More than 60 days have passed since Plaintiff filed his EEOC Charge.

11. Plaintiff has complied with all jurisdictional prerequisites to the filing of this lawsuit and this Complaint is filed more than 60 days after the filing of Plaintiff's EEOC Charge but not more than ninety (90) days after the issuance of any right-to sue letter from the Equal Employment Opportunity Commission.

## FACTS APPLICABLE TO ALL CLAIMS

12. Plaintiff incorporates by reference the allegations from the preceding paragraphs as if fully re-alleged herein.

13. Plaintiff was born on March 5, 1963, and at all relevant times, was over 40 years of age.

14. Plaintiff was employed by Fanatics from in or around January 1993 until on or around October 1, 2021.

15. At all times relevant hereto, Plaintiff was qualified for the positions and duties in which he was employed or for which he applied or was considered.

16. Plaintiff performed his responsibilities successfully at all times during his employment.

17. On or around October 1, 2021, Fanatics involuntarily terminated Plaintiff's employment.

18. Fanatics thereafter did not consider Plaintiff for, or offer to Plaintiff, open positions for which he was qualified.

## FIRST AND SECOND CAUSES OF ACTION
### (Age Discrimination in Violation of the ADEA and O.R.C. Chapter 4112)

19. Plaintiff incorporates by reference the allegations from the preceding paragraphs as if fully re-alleged herein.

20. On or around October 1, 2021, Defendants terminated Plaintiff's employment.

21. At the time of his termination, Plaintiff was qualified for the position he held.

22. Defendants replaced Plaintiff with, and/or transferred the responsibilities for Plaintiff's position to a person or persons who were under the age of forty (40) and/or substantially younger than Plaintiff.

23. Defendants discriminated against Plaintiff on the basis of age by engaging in actions including, but not limited to, terminating Plaintiff's employment, refusing to transfer, rehire or recall Plaintiff into other available positions for which he was qualified, transferring the responsibilities for Plaintiff's position to a person under the age of forty (40) or substantially younger than Plaintiff, and treating Plaintiff differently because of his age in the terms and conditions of his employment.

24. Defendants have a pattern and practice of making employment decisions, such as hiring and termination decisions, based on age.

25. Defendants have a pattern and practice of treating younger employees more favorably than older employees with respect to the terms, conditions and privileges of employment, including, but not limited to, compensation decisions, work assignment decisions, promotion, termination and hiring decisions (including placing younger employees in open positions without posting the positions), and decisions concerning employees to retain and/or transfer.

26. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including, but not limited to, past and future economic losses, back pay, front pay, past and future economic losses, pain and suffering, and the loss of salary, bonuses, benefits, and other compensation and other privileges and conditions of employment.

27. Defendants' discriminatory actions against Plaintiff in violation of the ADEA and O.R.C. Chapter 4112 were willful, reckless, and/or malicious, in disregard of his rights, and render Defendants liable for past and future economic and non-economic compensatory and punitive damages, reasonable attorneys' fees, costs and expenses pursuant to 29 U.S.C. § 621, *et seq.* and Ohio law.

**THIRD CAUSE OF ACTION**
**(Aiding and Abetting in Violation of O.R.C. Chapter 4112)**

28. Plaintiff incorporates by reference the allegations from the preceding paragraphs as if fully re-alleged herein.

29. Defendants aided, abetted, incited, compelled, and/or coerced each other's unlawful discriminatory and retaliatory acts towards Plaintiff in violation of O.R.C. 4112.02(J).

30. As a direct and proximate result of Defendants' aiding abetting, inciting, compelling, and/or coercing discrimination and retaliation in violation of R.C. 4112.02(J), Plaintiff suffered and will continue to suffer economic and non-economic damages, including, but not limited to, past and future economic and non-economic losses, back pay, front pay, lost earning capacity, pain and suffering, and the loss of salary, benefits, bonuses, and other privileges and conditions of employment.

31. Defendants' acts and omissions aiding, abetting, inciting, compelling, and/or coercing each other's discrimination of and retaliation against Plaintiff were willful, reckless, wanton and/or malicious and render Defendants liable for past and future economic and non-economic compensatory and punitive damages, as well as attorneys' fees, costs, expenses, and any other legal or equitable relief that this Court deems appropriate.

## **PRAYER FOR RELIEF**

Plaintiff Mark Callahan seeks an amount in excess of $75,000 to fully, fairly and justly compensate him for injury, damage and loss, and respectfully prays that this Court enter judgment in his favor and award him past and future economic and non-economic compensatory damages, fringe benefits, consequential damages, incidental damages, punitive damages, liquidated damages, interest, attorneys' fees, expert fees, all fees and costs, and any additional equitable relief that the Court deems appropriate, including, but not limited to, back pay, front pay, reinstatement and promotion.

Respectfully submitted,

*/s/ Daniel P. Petrov*
DANIEL P. PETROV (0074151)
dpetrov@tpgfirm.com

THORMAN PETROV GROUP CO., LPA
20046 Walker Avenue
Shaker Heights, OH 44122
Phone: (216) 621-3500
Fax: (216) 621-3422

*Attorneys for Plaintiff Mark Callahan*